BARHAM, Justice.
Defendant, Roy F. Occhipinti, was indicted by a grand jury for violating R.S. 14:69, receiving stolen things. . Defendant waived a jury trial and was found guilty as charged by the trial judge. Defendant was sentenced on December 10, 1970 to serve fourteen months at hard labor, said sentence being suspended with defendant being placed on inactive probation for fourteen months and fined $25.00 court costs and $3.00 indigent fee or to serve thirty days in Parish Prison.
Defendant relies upon three bills of exceptions to obtain a reversal of his conviction and sentence. Defendant abandons Bill of Exceptions No. 3. He contends that he presents to this Court Bill of Exceptions No.. 2, which urges error in the *284 original trial judge recusing himself ex proprio motu. However, defendant made no objection at any time during the proceedings to the recusation. He made no objection at the beginning of the trial before the judge replacing the judge recused. Having neither objected nor reserved a bill, he presents nothing for this Court to review. C.Cr.P. Art. 841.
The case is presented to us on appeal for review of Bill of Exceptions No: 1, the only bill reserved and preserved in this appeal. This bill was reserved when the court refused to grant a motion for directed verdict at the close of the State’s case in chief and upon the completion of the entire case. C.Cr.P. Art. 778 provides first for a motion for a directed verdict in a jury trial, then provides:
“In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.”
In State v. Douglas, 278 So.2d 485 (La.1973), we said:
“In Louisiana we have said that insufficiency of the evidence is not a question of law and may not be reviewed by this court.* However, this court has repeatedly held that a total lack of evidence (that is, no evidence) is a question of law and may be considered by us, provided that a bill of exceptions properly perfected presents all the evidence so that we may determine whether there is a total lack of evidence to prove a crime or an essential element thereof. We hold that the language in Article 778 ‘* * * if the evidence is insufficient to sustain a conviction refers to a situation in which the prosecution has produced no evidence to prove a crime or an essential element.”
Under that criterion, we look to the evidence presented at the trial. After a thorough examination of the transcript of testimony, we conclude that there was not a total absence of evidence sufficient to support the conviction. The trial judge, who tried the case alone upon waiver of jury, and who was charged with the responsibility of weighing the sufficiency of the evidence and the credibility of the witnesses, has favored us with a per curiam on this bill. In that per curiam he states, in part:
“From evidence illicited [sic, elicited] at trial and the demeanor of the witnesses, it would have been unreasonable to believe that the defendant went through the inconvenience of the transaction and allowed a check to be made payable to him without knowing the identity of the ‘stranger.’ It would have been equally unreasonable to believe that the defendant would have participated in the sale of the jewelry for $506.50, when its apparent value was far in excess of that amount, without having known that the j ewelry was stolen.
“This Court contends, therefore, that the inference of guilty knowledge and intent was reasonably made on the basis of the evidence.”
During our own examination of the evidence, we found, in addition to the trial court’s stated basis for finding some evidence of the elements of guilty knowledge and intent, other instances where the evidence tended to prove these elements. We therefore find no basis for disturbing the finding of the trial court judge. We have further examined the record for errors discoverable by a mere inspection of the pleadings and proceedings and find none.
For the reasons assigned, the conviction and sentence are affirmed.

 Article VII, Section 10, of the Constitution of Louisiana, in pertinent part, provides: “The appellate jurisdiction of the Supreme Court shall also extend to criminal cases on questions of law alone * * *.”