342 So.2d 174 (1977)
STATE of Louisiana
v.
Frankie L. KINCHEN et al.
No. 58478.
Supreme Court of Louisiana.
January 24, 1977.
*175 Gerard E. Kiefer, Forrest, Kiefer & Bacot, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., William M. Quin, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Livingston Parish Grand Jury indicted Frankie L. Kinchen, Frederick J. Manchack, III, and Paul J. Starkey with the following: possession of marijuana in violation of LSA-R.S. 40:966(C); possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A)(1); and resisting arrest in violation of LSA-R.S. 14:108. The court consolidated the trial of all three charges. Defendants waived trial by jury. At the conclusion of the trial, the judge found defendants guilty of attempted possession of marijuana and attempted possession of cocaine. Defendants Manchack and Starkey were also found guilty of resisting arrest, while the judge found Kinchen not guilty of that charge.
The judge sentenced each defendant to serve one year in the parish jail for attempted possession of cocaine, and six months in the parish jail for attempted possession of marijuana. The judge sentenced Starkey and Manchack to serve ninety days in the parish jail for resisting arrest. All sentences were to run concurrently.
Defendants appeal their convictions and sentences, relying upon four assignments of error.
On December 22, 1974, at approximately 9:30 p.m., an automobile collision occurred in Livingston Parish involving an automobile driven by David Abels and an automobile driven by defendant Kinchen in which defendants Manchack and Starkey were passengers. While David Abels was checking to insure that his wife and daughter, his two passengers, were unharmed, he heard what sounded like bottles rattling and observed occupants of the other car go into the wooded area nearby and then return. At this point, defendant Kinchen walked over to talk with Abels. Shortly thereafter several law enforcement officers, including Pat Lee, Abels' brother-in-law, arrived at the scene. After being issued a citation, defendant Kinchen and his passengers *176 drove away. David Abels and his brother-in-law, searched the wooded area nearby and recovered a bag of vegetable matter. They gave the bag to a deputy sheriff still at the scene. A search for the occupants of the car was launched. Officer Lee remained at the scene to insure that they did not return. Before they were apprehended, officers found another bag of vegetable material and a plastic bag containing a white substance in the woods. Approximately two hours after the accident, the vehicle driven by Kinchen returned and two of the occupants got out and began to walk into the wooded area. Mayor Otis Ratcliff, a special officer at the scene, called for them to halt. The two men ran, got into the car, and Mayor Ratcliff shot out the tires of the vehicle. All three defendants were arrested.
At trial, defendant Kinchen testified that to his knowledge no one had thrown anything into the wooded area on the night of the auto collision. He stated that they had returned to the scene to look for a cigarette lighter that had been lost by Manchack. He testified that only Starkey had gotten out of the vehicle and that when they saw a car approaching he got back in to avoid, an accident. Kinchen testified that as they started off their tires were shot.

ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1 defendants complain that the trial court erred in denying their motion to dismiss. After the State's opening statement they argued that the State failed to explain the nature of the charge and the evidence by which it expected to prove the charge. Specifically, they maintained that the State failed to prove that the area in which the contraband was found was under their control.
The State's opening statement did set forth in some detail the factual context of the charge in compliance with LSA-C.Cr.P. Art. 766. It is well settled that the State need not give in minute detail all evidence by which it intends to prove its case. LSA-C.Cr.P. Art. 769; State v. Sneed, La., 316 So.2d 372 (1975); State v. Roquemore, La., 292 So.2d 204 (1974); State v. Himel, 260 La. 949, 257 So.2d 670 (1972).
The scope of the opening statement is left to the sound discretion of the trial judge. State v. Bolen, La., 338 So.2d 97 (1976); State v. Clark, 231 La. 807, 93 So.2d 13 (1957). We find no abuse of discretion.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2 defendants complain that the trial court erred in overruling their objection to the qualification of Irvin Johnson, Jr., as an expert in the field of controlled dangerous substances.
At trial, Irvin Johnson, Jr., a criminologist with the Louisiana State Police Laboratory, was qualified as an expert in controlled dangerous substances. He testified that he earned a B.S. in chemistry and physics from LSU; that he worked for the Louisiana State Police Crime Laboratory for five years; that he worked in private industry for nineteen years, including several chemical companies; that he conducted over one thousand tests in order to determine whether a substance was a controlled dangerous drug; that he qualified as an expert approximately forty times in various courts; that he received training at the State Police Crime Laboratory in connection with drugs testing; that he belongs to the Louisiana Association of Scientists and attends their meetings where various tests are presented.
Defendant contends that until it is established that Johnson has laboratory knowledge of marijuana and cocaine, he was improperly accepted as an expert in that area.
LSA-R.S. 15:466 establishes the test of an expert's competency as his knowledge of the subject matter about which he is to testify. In determining competency, the trial judge is vested with broad discretion. This Court will not disturb that determination absent a clear showing of an abuse of that discretion. State v. Owens, La., 338 So.2d 645 (1976); State v. Roach, La., 338 *177 So.2d 621 (1976); State v. Traylor, La., 311 So.2d 847 (1975).
The trial court's determination that Johnson was an expert in the field to analysis and identification of controlled dangerous substances is supported by the evidence. There is no showing of an abuse of discretion.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
In Assignment of Error No. 3 defendants complain that the trial court erred in admitting over their objection three plastic bags containing cocaine and marijuana (S-1), the evidence envelope into which these drugs were originally placed (S-2), and the envelope into which the drugs were placed subsequent to analysis by the Louisiana State Crime Laboratory (S-4).
Initially, we note that defendants failed to object to the introduction of State's exhibits 2 and 4 at the time they were offered into evidence. This failure operates as a waiver of any complaint. LSA-C.Cr.P. Art. 841.
The defendant objected to the introduction of the three plastic bags containing the cocaine and marijuana, arguing that the chain of custody was incomplete.
At trial, David Abels testified that he found two plastic bags containing vegetable material and that he gave them to Deputy Delatte. Officer Lee testified that he found a plastic bag with white powder, with a plastic bag wrapped in a piece of paper towel, and that he also gave the bag to Deputy Delatte. Both witnesses indicated that the objects shown to them at trial were similar to those found on the night in question. Deputy Delatte testified that he had been given the plastic bags in question at the scene of the auto collision; that he tagged the items in question with the date and where it was found, signed it, and then turned the substance over to Trooper Rawls. The deputy identified the tag on the bag as the one which he had signed on the night in question. Trooper Rawls testified that he received the bags from Deputy Delatte and took them to Paul Cobb at the Louisiana State Crime Laboratory. Rawls identified S-2 as the envelope in which the evidence was placed when it was submitted to the crime lab and identified his signature. Paul Cobb, the Director of the Louisiana State Crime Laboratory, testified that he received the evidence envelope containing three plastic bags from Trooper Rawls and that he gave him a receipt. He identified the receipt at trial (S-3) as well as the envelope which originally contained the evidence (S-2). He stated that the evidence envelope was placed in the security of the laboratory by the evidence clerk. At that point, State's exhibits 2 and 3 were introducted and filed into evidence without objection. The Irvin Johnson, Jr., testified that he tested the substances and returned them to the evidence clerk, placing it in an envelope (S-4). The State Police identification numbers on the various items were identical. When the State sought to introduce S-1, the cocaine and the marijuana, defendants objected, arguing that the chain of custody was not complete since the evidence clerk did not testify and because the paper towel the cocaine was apparently wrapped in when found was not available.
This court has repeatedly held that in order to be introduced at trial, the State must show that the evidence in reasonably connected with the defendants or the crime and have some relevancy which the court considers sufficient to warrant their introduction. State v. Batiste, La., 318 So.2d 27 (1975); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).
The evidence must be identified. The identification can be visual by testimony at trial that the object exhibited is the one related to the case. The identification can also be by chain of custody from the time it was seized to the time it is offered into evidence. State v. Batiste, supra; State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
It is not required that the evidence as to custody eliminate all possibility that *178 the object was altered. For admission, it suffices that the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of evidence is sufficient. State v. Batiste, supra; State v. Freeman, La., 306 So.2d 703 (1975); State v. Flood, La., 301 So.2d 637 (1974).
In the instant case, the evidence adequately establishes that it is more probable than not that the marijuana and cocaine introduced at trial were connected with the defendants and the case. The lack of positive evidence goes to the weight of the evidence, rather than to its admissibility. State v. Batiste, supra.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
In Assignment of Error No. 4 defendants complain that the trial court erred in denying their motion for judgment of acquittal. Basically, they argue that the State failed to prove that they attempted to knowingly possess the controlled dangerous substances.
LSA-C.Cr.P. Art. 778, dealing with motions for acquittal, provides in pertinent part:
"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction."
In State v. Douglas, La., 278 So.2d 485 (1973), this Court held that in reviewing a motion for acquittal, this Court will reverse the conviction only when there is no evidence of the crime or an element of the crime. If the only issue is the sufficiency of the evidence to prove guilt beyond a reasonable doubt, this Court cannot review the determination of the trier of fact. In criminal cases, this Court has jurisdiction to review only questions of law. State v. Evans, La., 317 So.2d 168 (1975); State v. Watson, La., 301 So.2d 653 (1974); State v. Occhipinti, La., 296 So.2d 283 (1974).
In the present case defendants were convicted of attempted possession of marijuana and attempted possession of cocaine. LSA-R.S. 40:996(C) provides in pertinent part:
"It is unlawful for any person knowingly or intentionally to posses a controlled dangerous substance classified in Schedule I (wherein marijuana is listed) unless such substance was obtained, directly, or pursuant to a valid prescription or order from a practitioner . . ." LSA-R.S. 40:967(C) provides in pertinent part:
"It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II (wherein cocaine is listed) unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner . . ."
The record reflects that at the time of the automobile accident, David Abels observed several occupants of the car go into the wooded area nearby and then return. Shortly thereafter two bags of marijuana and one bag of cocaine were discovered in the wooded area. Defendants left, then returned to the scene, and went fifteen or twenty feet from the car toward the wooded area where the marijuana and cocaine were found. When told to halt, they ran to their car and attempted to drive away. The officers apprehended them by shooting the automobile tires.
The record, therefore, contains some evidence that defendants attempted to knowingly or intentionally possess both cocaine and marijuana.
LSA-R.S. 40:966(D)(1) provides the appropriate sentence for a first conviction of possession of marijuana as a fine of not more than five hundred dollars and/or imprisonment in the parish jail for not more than six months.[1] LSA-R.S. 14:27(D)(3) *179 provides that a fine or imprisonment for an attempt to possess marijuana shall not exceed one-half the largest fine or one-half the longest term of imprisonment prescribed for the offense so attempted or both. The court sentenced defendants to six months in the parish jail for their conviction of attempted possession of marijuana, exceeding the statutory limit.
For the reasons assigned, defendants' convictions and sentences for attempted possession of cocaine and resisting arrest are affirmed. Their convictions for attempted possession of marijuana are also affirmed, but their sentences for this offense are annulled and set aside. The case is remanded to the lower court for resentencing according to law and the views herein expressed.
NOTES
[1] The record does not reflect that any of the defendants have previous marijuana convictions. Therefore, this conviction for attempted possession of marijuana is punishable as a first offense.