363 So.2d 893 (1978)
STATE of Louisiana
v.
Alfred CARTER and Robert Lee.
No. 61916.
Supreme Court of Louisiana.
October 9, 1978.
Rehearing Denied November 9, 1978.
*895 Ivan L. R. Lemelle, New Orleans, for Robert Lee.
Arthur A. Lemann, III, New Orleans, for Alfred Carter.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Nick Noriea, Asst. Dist. Atty., for plaintiff-appellee.
*896 SANDERS, Chief Justice.
On the evening of March 16, 1977, the defendant Carter was driving a white and green Grand Prix automobile in the mid-town section of New Orleans. Defendant Lee occupied the vehicle with him. Officer Robert J. McNeil and a New Orleans high school teacher were patrolling the area of Erato and South Galvez Streets. McNeil, an officer assigned to the Narcotics and Drug Abuse Section of the New Orleans Police Department, recognized the Grand Prix as a vehicle usually driven by Alfred Carter. Carter had stopped at a stop sign at the intersection of South Galvez and Melpomene Streets. McNeil pulled along side the Grand Prix and looked at Carter, who responded to the officer's interest by first attempting to duck out of sight and then speeded away from the intersection at an excessive rate of speed. McNeil followed and turned on his blue police lights. A high speed chase ensued in which the officer was forced to ram the defendant's car in order to make him stop.
During this chase, McNeil and his passenger observed metallic objects and brown powdery substances being thrown from both sides of the fleeing automobile. Once this car was stopped, McNeil jumped out and arrested the defendant Carter. During this arrest, McNeil saw a large piece of tin foil containing a brown powder on the front seat of the Grand Prix. Both Carter and Lee were arrested. Other policemen who had been called for assistance searched the area of the chase to recover the items which were thrown out of the defendant's car. Laboratory analysis revealed that the brown substance contained in the foil found on the front seat and the packets recovered by the police was heroin.
The Orleans Parish Grand Jury indicted Alfred Carter and Robert Lee for the crime of possession of heroin with the intent to distribute, a violation of LSA-R.S. 40:966 B. After a trial by jury, the defendants were found guilty as charged and sentenced to life imprisonment. Defendants rely upon nineteen assignments of error for reversal of their convictions and sentences. Assignments of Error Nos. 17 and 18 were neither briefed nor argued and are considered abandoned. State v. Phillips, La., 337 So.2d 1157 (1976).

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In Assignment of Error No. 1, the defendants argue that the trial court erred in finding probable cause to make the defendants stand trial for possession with intent to distribute after the preliminary hearing of April 22, 1977, and erred in denying the defendant's motion for a new trial. The defendants in Assignment of Error No. 2 argue that the trial court committed reversible error because its determination that probable cause existed was based upon opinion testimony of a police officer who had not been qualified as an expert witness.
The assignments are without merit. The defendants in the instant matter were indicted by a grand jury. LSA-C.Cr.P. art. 296 mandates that after a grand jury has indicted an accused, the preliminary hearing is limited to the perpetuation of the testimony and the fixing of bail. State v. Sneed, La., 328 So.2d 126 (1976); Cf. La.Const. Art. I, § 14 (1974). After conviction and sentence, errors alleged to have occurred at a preliminary hearing are moot. State v. Luckett, La., 327 So.2d 365 (1976); State v. Monk, La.,315 So.2d 727 (1975).
The defense contention that the trial court erred in denying their motion for a new trial is also without merit. The defendants argue that the State failed to prove specific intent on the part of the defendants to possess heroin with the intention of distributing it. The defendants, relying upon State v. Elzie, La., 343 So.2d 712 (1977), argue there was no showing of specific intent.
This Court will not review contentions that there was an insufficiency of the evidence to support a conviction. Nevertheless, the Court will review the record to ascertain whether there is a total lack of evidence to prove the crime or an essential *897 element of the crime. State v. Perkins, La., 337 So.2d 1145 (1976).
This Court has repeatedly stated that although intent is a question of fact, it may be inferred from the surrounding circumstances of a transaction. State v. Elzie, supra; State v. Willis, La., 325 So.2d 227 (1975); and State v. House, La., 325 So.2d 222 (1975). The State offered expert testimony at trial that the amount of heroin found in the automobile was a wholesale unit. The actions of the defendants during the high speed chase indicated that they were intent on divesting themselves of the heroin which the police found. This other heroin which was recovered from the chase scene was packaged in single dose papers or tin foils, customarily used in distribution. Both defendants testified at trial that they did not use heroin. This Court concludes that there was some evidence upon which the jury could infer that the defendants had the specific intent to distribute the heroin. Since there is some evidence of specific intent, this assignment has no merit. State v. Williams, La., 310 So.2d 513 (1975).

ASSIGNMENT OF ERROR NO. 3
In this assignment of error the defendants contend that the trial court erred in denying their motion to suppress the evidence. They argue that the police officer's sole ground for the initial stop was the startled look on defendant Carter's face when he noticed that Officer McNeil was looking at him.
The argument is factually inaccurate and is without merit. The record reflects that the officer pursued the defendants because Carter drove at an excessive speed. Immediately following the stop, Carter stated to the officer, "I had to run and get rid of this stuff. You know I'm on probation." The officers had already observed powdery substances being thrown from the car. Although there is a dispute as to the precise time the officer informed the defendants they were under arrest, it is clear that at this time the officers had probable cause to make an arrest both for speeding and possession of narcotics.
The tin foil packet, readily identifiable under the circumstances as contraband, was in plain view on the seat at the time of the arrest. Thus, under the plain view doctrine, the seizure was constitutional. State v. Braud, La., 357 So.2d 545 (1978). It is well established that contraband in the plain view of a police officer who is legally at the location where he obtains the view is subject to seizure without a warrant. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Williams, La., 347 So.2d 231 (1977); State v. Meichel, La., 290 So.2d 878 (1974).

ASSIGNMENT OF ERROR NO. 4
On the morning of May 19, 1977, this case was called for trial. The trial court noted that defendant Lee was not in the courtroom. Counsel for defendant informed the trial court that Lee was at a local hospital seeking to be admitted as a patient. The trial court called the hospital and discovered that the defendant was denied admittance. A Deputy Sheriff was dispatched to pick up Lee and to bring him to the courthouse. When Lee arrived, the trial court again called this matter for trial. At that moment Lee slumped to the floor. The trial judge called the coroner's office and requested that a doctor be sent to examine the defendant. Glen Pritchard, a medical specialist assigned to Orleans Parish Prison, examined Lee. He concluded that the defendant was falsely asserting the pain. He explained that the symptoms the defendant described did not correspond with the ailment, a bleeding ulcer, of which Lee complained.
Based upon the refusal of the admitting physician of the local hospital and the opinion of this medical specialist, the trial judge ordered that the trial of both defendants to proceed. At that time, the counsel for the defendants moved that the trial of this matter be continued. He argued that he could not proceed with the defendant Lee. Noting that Pritchard was not a doctor, the trial judge ordered another examination of *898 the defendant. Dr. Dwight McKenna, Assistant Coroner of Orleans Parish, made this examination and testified that the defendant with a proper diet would be fit for trial.
This assignment of error was taken when the trial judge denied the defendants' motion for continuance and motion for a mistrial because the continuance was not granted. The defendants argue the trial court abused its discretion in denying these motions. The record reflects that there were two court ordered examinations. Also, it is apparent from the record that the trial judge talked with the admitting physician at the local hospital which refused to admit Lee. All three evaluations of the defendant indicated that the defendant was able to stand trial. None agreed or stated that the defendant had a bleeding ulcer and in fact all appear to refute that allegation. There was no evidence indicating that the defendant could not stand trial or that the trial would have a deleterious effect on Lee's health. Considering the guidelines set out in State v. Karno, La., 342 So.2d 219 (1977), this Court finds no abuse of discretion by the trial court.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
This assignment of error alleges that the trial court erred in denying the defendants' motion for a mistrial based upon the contention that the jury was not properly selected according to the Louisiana Code of Criminal Procedure. The employees of the jury commissioner made a typographical error in typing the petit jury venire list. The list contained the name of one juror twice. This list was cut up and placed in a container in order that the jury in this matter could be chosen by lot, as required by LSA-C.Cr.P. arts. 418 and 784.
This juror was in fact called. He was dismissed upon being challenged by the defense. Since his name was called only once and since he did not serve on this jury, this issue is insubstantial.
The fact that the name was in the pool twice was the result of an unintentional error. He did not serve and no prejudice to the defendants has been demonstrated.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 6, 7, AND 8
These assignments of error assert that the prosecutor made prejudicial remarks in his opening statement to the jury. The record shows that the defense did not interpose one objection on these grounds during the opening statement or at the conclusion of the opening statement. Since there were no contemporaneous objections at trial on these grounds, these assignments of error are without merit. LSA-C.Cr.P. art. 841; State v. Anthony, La., 347 So.2d 483 (1977); State v. Passman, La., 345 So.2d 874 (1977); and State v. Williams, La., 341 So.2d 370 (1976).

ASSIGNMENT OF ERROR NO. 9
The defendants argue in this assignment of error that the trial court erred in qualifying Captain Cox of the New Orleans Police Department Crime Laboratory as an expert witness in the identification of heroin. Captain Cox's credentials were seventeen years experience with the New Orleans Police Department Crime Laboratory, a Bachelor of Science degree in medical technology and chemistry from Southeastern Louisiana College, participation in several hundred heroin examinations, and the fact that at the time he testified he was the senior criminologist at the police crime laboratory. LSA-R.S. 15:466 establishes the test for an expert's competency is his knowledge of the subject matter about which he is to testify. In determining that competency, the trial court is vested with broad discretion. This Court will not disturb that determination in an absence of a clear showing of an abuse of discretion. State v. Kinchen, La., 342 So.2d 174 (1977); State v. Owens, La., 338 So.2d 645 (1976); and State v. Traylor, La., 311 So.2d 847 (1975). There has been no showing in this matter that the trial court abused its discretion.
The assignment is without merit.

*899 ASSIGNMENT OF ERROR NO. 10
The defendants assign as error the trial court's denial of the defendants' objection to one of the State's questions propounded to its expert witness. The defendants contend that the State was allowed to ask a leading question.
After the prosecutor asked Captain Cox the results of his analysis of the substances found in the defendants' presence at the time of their arrest, the witness answered that the substances were heroin. Attempting to be certain that the witness was sure of his findings, the prosecutor asked, "Captain, in your expert opinion are you certain, absolutely certain that this is heroin?"
LSA-R.S. 15:277 defines a leading question as one which suggests to the witness the answer he is to deliver. Captain Cox had already testified that the substances were heroin. The State's question was aimed at insuring the witness's certainty and not at suggesting an answer. Control of the examination of witnesses is within the sound discretion of the trial judge. State v. Terregano, La., 336 So.2d 859 (1976). There is no showing of an abuse of that discretion calculated to prejudice the rights of these defendants. In the absence of such a showing, this Court will not disturb the trial court's ruling. State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972).

ASSIGNMENT OF ERROR NO. 11
In this assignment of error, the defendants argue that the trial court erred in denying the defense counsel access to the report prepared by Captain Cox concerning his analysis of the substances examined. The record shows that the State did not introduce any reports prepared by this witness. His testimony indicates that he was testifying from memory. There is nothing in the record to show nor do the defendants argue in brief that the witness testified from his written report.
The expert witness's testimony was the best evidence of the results of his examination and analysis. State v. Taylor, La., 282 So.2d 491 (1974), reversed on other grounds 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The trial court did not abuse its discretion in this matter. LSA-R.S. 15:436.

ASSIGNMENT OF ERROR NO. 12
The defendants argue that the trial court erred when it denied their motion for a mistrial based upon an allegedly prejudicial comment made by the arresting officer. The officer was testifying as to the events leading up to the arrest of the defendants. While describing the Grand Prix, the officer stated that the car had "the large white gangster-type wheels." Defendants contend that the reference to "gangster wheels" was prejudicial. We disagree. The tire industry and its salesmen refer to this extra wide white wall tire as "gangster wheels."
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 13
In this assignment the defendants argue that they were prejudiced by the jury's knowledge that they were no longer free on bond during the trial. After the State had presented its case, the trial judge, outside the presence of the jury, raised the defendants' bonds from $10,000 to $50,000. The record does not demonstrate that the jury ever became aware of the fact that the defendants were no longer free on bond. No prejudice has been shown.
The assignment is without merit.

ASSIGNMENT OF ERROR NO. 14
During the defense's presentation of its case, Linda Hall was called as a witness. During the State's cross-examination of this witness, the prosecutor asked if she knew that Sharon Rudolph was related to Timothy Rudolph. (Timothy Rudolph was at an earlier date a defendant in a murder prosecution.) The defense objected and moved for a mistrial. The witness did not answer the question. Out of the presence of the jury, the trial judge instructed the prosecutor not to ask any questions relating to Timothy Rudolph. At the end of the trial, *900 the trial judge questioned each juror to ascertain whether any of the jurors recognized the name of Timothy Rudolph. The jurors all indicated that they did not know who Timothy Rudolph was.
The defendants' contention that this reference to Rudolph, constituted undue prejudice is without merit. The question propounded to the witness Linda Hall was not answered. The trial judge immediately instructed the prosecutor not to mention Rudolph or to ask questions relating to Rudolph. The trial judge's questions to the jury at the end of the trial showed that the jurors did not recognize the name "Rudolph."

ASSIGNMENT OF ERROR NO. 15
In this assignment of error, defendant Lee asserts that the trial court erred in allowing the prosecutor to ask the defendant questions concerning his prior conviction for possession of marijuana. During the defense's presentation of its case, Lee testified that he had pled guilty to a charge of possession of marijuana. On cross-examination, the State asked the defendant if he had any other prior convictions. The defendant answered in the negative, but in subsequent questioning he revealed that he had also been convicted of simple battery. The State then questioned the defendant relative to the marijuana conviction and asked the defendant whether he was arrested with anyone else on this marijuana charge. The defendant again answered in the negative. The State then proceeded to impeach the defendant's credibility by referring to a certified copy of the Bill of Information charging defendant with possession of marijuana. The bill showed that the defendant had been arrested with another individual. This Court has held that the State, in impeaching the credibility of a defense witness, may not only establish prior convictions of the witness, but also may cross-examine the witness about details of the prior convictions in order to show the true nature of the offense. State v. Jackson, La., 307 So.2d 604 (1975). This rule also applies to defendants testifying in their own behalf. State v. Dupar, La., 353 So.2d 272 (1977); State v. Elzie, La., 351 So.2d 1174 (1977); and State v. Victor, La., 347 So.2d 205 (1977).

ASSIGNMENT OF ERROR NO. 16
The defendants in this assignment of error argue that the trial court erred in denying their motion for mistrial based upon prejudicial comments made by the prosecutor in his rebuttal argument. In that argument, the prosecutor stated:
". . . You are going to have to remember every time you go in your kitchen and look at one of these zip lock bags, or a baggie or something like that, you are going to remember this; and you are going to associate these bags with them, right over there. Talking about life imprisonment, think about the hundreds of kids on the street that get hooked on all this mess."
Further on in the rebuttal argument, the prosecutor stated:
"Think of those people in your community, what this does to them. You know this is a double-edged sword. They go to jail, no telling what happens to the other kids."
The defendants argue that these statements are inflammatory and appeal to prejudice.
Under the jurisprudence, the Court will not reverse a conviction on the ground of improper argument unless the Court is satisfied that the argument was impermissible, that the jury was influenced by the remarks, and that they contributed to the verdict. State v. Lee, La., 340 So.2d 180 (1976); State v. Chaffin, La., 324 So.2d 369 (1975); State v. Dennis, 250 La. 125, 194 So.2d 720 (1967); and State v. Jackson, 227 La. 642, 80 So.2d 105 (1955). Although the argument here is questionable, we conclude that there is no adequate basis to reverse the conviction.

ASSIGNMENT OF ERROR NO. 19
After the trial in this matter it was discovered that there was some reading material *901 in the juryroom at the time that the jury made its deliberations. This matter was two boxes of old law books and a folder belonging to the District Attorney's office. During the hearing on the defendants' motion for a new trial, the trial judge questioned the jurors individually concerning this reading material. The defense counsel requested permission to interrogate the jurors. The trial court refused to grant counsel's request; that refusal forms the basis of this assignment of error.
Jurors are incompetent to impeach their own verdicts. LSA-R.S. 15:470; State v. Abney, La., 347 So.2d 498 (1977). Hence, the trial court's ruling was correct.

ASSIGNMENT OF ERROR NO. 20
The defendants argue that the mandatory life imprisonment sentence provided in LSA-R.S. 40:966(B)(1) is unconstitutional as cruel and unusual punishment. The defendants were sentenced on August 1, 1977. The statute at that time provided for a sentence of life imprisonment but permitted suspension of sentence, probation, and parole. This assignment is without merit.

ASSIGNMENT OF ERROR NO. 21
The defendants argue that the trial court erred in denying their motion for a new trial and the motion in arrest of judgment. Both motions concerned the fact that there were old law books and a folder belonging to the District Attorney's office in the juryroom at the time the jury made its deliberations. The trial court at the hearing on these motions questioned eleven of the twelve jurors concerning this reading material. The twelfth juror was out of the country and thus was unavailable. The eleven jurors all testified that they did not read anything in the folder. Two of the eleven stated that they had looked at the pocket parts. One juror, Joan Oriol, stated that she read one of the books and only remembered a section concerning exemption of women from jury duty. Bruce Raeburn also testified that he read annotations but could not recall the subject matter of the annotations. Both jurors testified that they were not influenced by these books in their determination of the defendants' guilt.
A similar issue was presented in State v. Abney, La., 347 So.2d 498 (1977), where the defendant contended in his motion for a new trial that the jury was unduly influenced by papers that were exposed on the prosecutor's table relating to the defendant's prior convictions. Eight jurors testified at the hearing on that motion and all denied any knowledge of the prejudicial papers. We conclude that the trial judge properly denied a new trial.
For the reasons assigned, the convictions and sentences are affirmed.
TATE, Justice (concurring in part, dissenting in part).
I concur as to the affirmance of the conviction. However, once again I express my disagreement with State v. Jackson, 307 So.2d 604 (La.1975). That decision held that a witness may be questioned as to the details of his prior conviction. (The latter is permissible for the sole purpose of impeaching the witness's credibility, La.R.S. 15:495.) The majority's interpretation not only permits unfair prejudice to an accused, but it is contrary to the statutory purpose and to the historical reasons for impeachment by prior conviction. See Note, 38 La.L.Rev. 899 (1978). Until Jackson is overruled (as it must inevitably be), however, I will abide by the majority construction of the statute.
I dissent as to the affirmance of the life sentence for this offense, at least as justified for the reason articulated by the majority. Although the issue is not squarely posed as to the unconstitutionality of the statute as applied to these defendants, I believe that the life sentence may be constitutionally excessive as mandatory requirement upon conviction of the offense, whatever the circumstances. See my concurring opinion in State v. Terrebonne, 354 So.2d 1356, 1357 (1978), and my dissenting opinion *902 in State v. Sykes, 364 So.2d 1293 (La.1978).
Dennis, J., dissents. Errors Nos. 15 & 16 assigned by defendant deprives him of a fair trial.