KLEES, Judge.
The defendant was charged in separate bills of information with simple burglary, resisting an officer, and possession of marijuana. He pled not guilty to all three offenses and moved to suppress the evidence seized at the time of his arrest. This motion was denied and he entered a guilty plea to the burglary charge pursuant to State v. Crosby, 338 So.2d 584, (La.1976). He later pled guilty to the other charges. On appeal, he asks that this court review the trial court’s denial of his Motion to Suppress the evidence. After our review we affirm the ruling of the Trial Court.
On January 8, 1986, New Orleans Police Officers Donald Paisant and David Dotson received a radio call from their dispatcher reporting an auto burglary in progress in the 2900 block of Audubon Street in New Orleans. The complaint originated from an unidentified citizen who reported the car being burglarized was a Thunderbird. The officers approached the area quietly, with their headlights off. They spotted the Thunderbird in the driveway of 2929 Audubon; the driver’s door was open and the dome light of the auto was on, illuminating the appellant sitting in the passenger compartment. The policemen stopped the patrol car and the brakes squealed, causing the defendant to look over his shoulder at the officers. When he recognized the police car, he darted out of the car and ran down an alley next to the house. Officer Dotson followed close behind and apprehended the defendant in the backyard of 2931 Audubon, which was the house next door. Defendant was returned to the scene where a pat-down search was conducted. “Numerous items”, including radio knobs, screwdrivers and sunglasses, were found on the defendant. At that time, the daughter of the owner of the car came out of 2929 Audubon and identified these items as being removed from the Thunderbird. She also told the officers that she had not given anyone permission to be in the car.
At the motion to suppress the evidence, the defendant argued that the officer did not have probable cause to arrest him. This made the arrest unlawful, therefore, all items seized during the search were obtained illegally and must be suppressed. The defendant reiterates this argument on appeal, and also claims that the police officer could not positively state that the defendant was the same individual he saw jump from the car, that the officer did not maintain the suspect in his sight at all times during the chase, and that the de *137 scription of the suspect did not match that of the defendant.
The well-settled rule of law is that a warrantless arrest must be based on probable cause. In State v. Collins, 378 So.2d 928, 930 (La.1979), cert. den. 447 U.S. 928, 100 S.Ct. 3025, 65 L.Ed.2d 1122 (1980), the court set forth the standard to establish probable cause stating:
Probable cause to arrest exists when facts and circumstances within the arresting officers’ knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense.
A search incidental to a lawful arrest is a recognized exception to the federal and state constitutional bans on warrant-less searches. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Buckley, 426 So.2d 103 (La.1988).
Applying these guidelines to the facts of the case at bar, we find that the' officers did have probable cause to arrest the defendant. The officers received information of the crime in progress describing the car and the perpetrator. They arrived at the scene within moments and saw the car and the defendant, both matching the descriptions given. The defendant was in the midst of the perpetration of the crime reported, and immediately fled upon seeing the officers. The officers apprehended the defendant in the backyard of the other half of the double house where the crime occurred. There is nothing in the record to support the defendant’s claims that the police officer could not positively state that the defendant was the same individual he saw jump from the car, that the officer did not maintain the suspect in his sight at all times, and that the defendant did not match the description of the suspect.
Since we find the officers had probable cause to arrest the defendant, the search was incident to a lawful arrest and the trial judge was correct in denying the defendant’s motion to suppress.
For the above stated reason, the conviction and sentence of defendant are affirmed.
AFFIRMED.