569 So.2d 50 (1990)
STATE of Louisiana
v.
Gary PRESTON.
No. 89-KA-0503.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1990.
*51 Harry F. Connick, Dist. Atty., Richard Olsen, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Defendant Gary Preston (Preston) and Richard Stutson (Stutson) were charged by bill of information with possession of cocaine. Originally, both Preston and Stutson pleaded not guilty, but Stutson later changed his plea to guilty. Preston was tried by a six person jury on November 14, 1988, and was found guilty as charged. Following the denial of his motion for a new trial, on December 2, 1988, Preston was sentenced to five years at hard labor. The state filed a multiple bill, and Preston admitted the prior offense. The original sentence was rescinded, and Preston was resentenced to five years at hard labor.

FACTS:
On June 3, 1988, at approximately 5:45 p.m., Officers Donald Polk and Stephen Imbraguglio of the New Orleans Police Department were on routine patrol in the St. Thomas Housing Project. The officers were in plain clothes and in an unmarked vehicle driven by Imbraguglio.
As they were driving down Adele Street, they saw Preston come out of the entrance of the building at 501 Adele. Preston walked up to Stutson. Polk and Imbraguglio saw Preston hand Stutson a small object. At that time, Preston and Stutson *52 glanced over at the officers' car and appeared startled.
Believing they had seen a drug transaction, Polk and Imbraguglio exited their car and announced they were police officers. Stutson made a yawning motion, stretching out his arms, at which time he dropped a white object to the ground. Preston and Stutson were placed under arrest, and Polk retrieved the white object, which was a small plastic bag containing cocaine. Imbraguglio entered 501 Adele, and in the second floor hallway, he found a gray bag underneath a footstool. Inside the bag were twenty-two large plastic bags and sixty-three small plastic bags of cocaine which were similarly packaged as the package dropped by Stutson. Preston was searched, and was found to be carrying $160.00.

ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, Preston contends that the trial court erred in denying his motion to suppress the evidence because Officers Polk and Imbraguglio did not have reasonable cause to make an investigatory stop. He argues that there was no evidence that he had been engaged in, was at the time engaged in, or was about to be engaged in criminal activity.
The Louisiana Code of Criminal Procedure Art. 215.1, provides that a law enforcement officer has the right to stop a person whom he reasonably suspects is committing, has committed or is about to commit a offense. Reasonable cause to make an investigatory stop is something less than probable cause, and it must be determined under each case by whether the officer had sufficient knowledge of the facts and circumstances to justify an infringement upon the person's right to be free from governmental interference. State v. Smith, 489 So.2d 966 (La.App. 4th Cir.1986). Reasonable cause must be based upon the officer's belief that the individual has been, is, or is about to be engaged in criminal conduct, and the totality of the circumstances must be considered in determining whether such reasonable cause exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. sub nom. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In Belton, the Louisiana Supreme Court stated:
"The totality of the circumstances, `the whole picture,' must be considered in determining whether reasonable cause exists. (citations omitted) Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, ... this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause." Id. at 1198. (Citations omitted)
In Belton the defendant was standing in front of a bar. When the police appeared they told him to halt and he ran inside the bar. The police entered, and the barmaid told them she saw the defendant drop a bag on the ground. The police seized the bag, and found drugs inside. The seizure of the bag was upheld. There was a finding of reasonable cause to stop the defendant because in an earlier encounter with the police, defendant was found in possession of drugs, but not arrested. When defendant was later observed at the bar, he was standing as though he was holding drugs, and the area was notorious for drug trafficking. These facts, along with the defendant's flight into the bar, were sufficiently suspicious to justify an investigatory stop.
Considering the totality of the circumstances in the instant case, namely the observation of Preston handing the small white object to Stutson, Preston's and Stutson's startled looks, and the fact that the area is known for narcotics trafficking, reasonable cause existed to stop Preston. The trial court did not err in denying the motion to suppress.

ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, Preston argues that absent the evidence which should have been suppressed, namely the packet of cocaine dropped by Stutson, there is insufficient evidence to prove constructive possession of the drugs found in the hallway at 501 Adele. He asserts that *53 without the first packet of cocaine, which was packaged similarly to the packets found in the gray bag, there is no evidence to link Preston to the cocaine found in the gray bag.
When determining the sufficiency of evidence, the standard of review is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty beyond a reasonable doubt and, where the evidence is circumstantial, to the exclusion of every reasonable hypothesis of innocence. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986), writ denied, 500 So.2d 419 (La.1987).
The principle of constructive possession was explained by this court in State v. Walker, 514 So.2d 602, 604 (La.App. 4th Cir.1987). This court stated:
"To support a conviction for possession of a controlled dangerous substance in violation of La.R.S. 40:967, the state must prove that the defendant was (1) in possession of the illegal drug and (2) that he knowingly possessed the drug. The state need not prove that a defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. (citation omitted)
The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. (citation omitted) However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control. (citations omitted) Or if the person is in joint possession of a drug which is in the physical possession of a companion, if he willfully and knowingly shares with the other the right to control of the drug. Guilty knowledge is the essential element. (citation omitted) The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case."
Since we have determined that the packet of cocaine dropped by Preston was properly seized there is sufficient evidence to sustain a finding of actual and/or constructive possession of this cocaine by defendant.
With respect to the cocaine seized in the Hallway at 501 Adele Street, we further discuss its admissibility, infra at pro se assignment No. 2.

PRO SE ASSIGNMENT OF ERROR NO. 1:
In his first pro se assignment of error, defendant argues that the trial court erred in failing to admonish the jury to disregard the prejudicial and unqualified expert testimony of Officer Polk. He further argues that the trial court erred in giving the impression that the witness was qualified to testify as an expert.
During cross-examination by defense counsel, Officer Polk testified that he knows from his experience as a police officer in narcotics that a dealer would not hold the bulk of his "stash" on him. Defense counsel interrupted and objected on the basis that Polk was not qualified as an expert. The trial judge instructed Officer Polk not to give his opinion unless the prosecutor qualified him as an expert. The trial judge further stated that this did not mean that he was not an expert. No request for admonishment was made by defense counsel. Because no admonishment was requested, the trial judge's failure to admonish the jury cannot be raised on appeal. C.Cr.P. Art. 841.

PRO SE ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, Preston complains that the court erred in allowing the state to introduce into evidence the large quantity of cocaine found in the gray bag. He argues that it was irrelevant to his prosecution for possession of the one package he handed to Stutson, and thus prejudiced the jury. He also argues that he was not given notice by the State of its intent to introduce evidence of "other crimes," i.e., distribution of cocaine citing, State v. Prieur, 277 So.2d 126 (La.1973).
*54 We first note that there was no objection to the introduction of the cocaine in the gray bag, and thus C.Cr.Pro. Art. 841 prevents the error from being raised on appeal. Nonetheless, because of Preston's complaint of ineffective assistance of counsel, we shall address his arguments.
The bill of information charges defendant with possession of cocaine, but does not specify which cocaine. Immediately after seeing defendant exit 501 Adele, the police officers observed him handing a package to Stutson. They saw him in actual possession of that cocaine, and, as discussed supra, it was properly admitted into evidence. The officers also immediately seized the large quantity of cocaine in the hallway at 501 Adele. The evidence shows that that cocaine was packaged in the same fashion as the cocaine in Preston's possession.
After reviewing this evidence, we conclude that Preston could have been charged and tried for the actual and constructive possession of both quantities. Thus, introduction of the large quantity was relevant to proof of constructive possession.
However, assuming arguendo that defendant was charged only with possessing the one package he gave to Stutson, introduction of the larger quantity would still be permissible under the res gestae exception to other crimes evidence. La. R.S. 15:447[1] provides:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
In State v. Reaux, 539 So.2d 105 (La. App. 4th Cir.1989), cocaine was seized from the car of an individual who was not the defendant. However, the police officers had observed that individual purchasing the cocaine from an unidentified subject who was in close proximity to the defendant. Later that same day, defendant was arrested for the distribution of narcotics to another individual. This Court upheld the admissibility of the cocaine seized from the vehicle holding that it formed part of the res gestae. We noted that there was sufficient connexity in time and place to substantiate a common scheme, citing State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir. 1983).
Here, there was a close connexity in time and place between Preston and the drugs in question. Immediately prior to the transaction, Preston was seen emerging from 501 Adele, where the cocaine in the gray bag was found. In addition, the cocaine dropped by Stutson and the cocaine in the gray bag were similarly packaged. These facts, when considered as a whole, satisfy the res gestae requirements. Therefore, under either scenario, the evidence was properly admitted.

PRO SE ASSIGNMENT OF ERROR NO. 3:
Defendant argues that his counsel was ineffective because he failed to object to introduction of the cocaine in the gray bag, and that he failed to object to comments made by the prosecutor during closing argument about distribution of cocaine.
Normally, a claim of ineffective assistance of counsel is more properly raised in an application for post conviction relief. However where the record is complete and contains sufficient evidence to make a determination of counsel's effectiveness, a decision may be made on appeal in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
We have already discussed the admissibility of the large quantity of cocaine. It was properly admitted and any objection by counsel would have been fruitless. Furthermore, the comments made by the prosecutor during closing argument were made in rebuttal to defense counsel's closing remarks *55 wherein he mentioned distribution of cocaine. We find no merit in this assignment.

PRO SE ASSIGNMENT OF ERROR NO. 4:
In his final pro se assignment of error, Preston claims there was insufficient evidence to support his adjudication as a multiple offender. A review of the multiple offender hearing transcript shows that defendant admitted his identity at the hearing. Hence, there is no basis for his claim of insufficient evidence for his being found a multiple offender. This assignment of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 15:447, 448 were repealed and replaced by Acts 1988, Sec. 8 Louisiana Code of Evidence effective January 1, 1989. However, because this case was tried on November 14, 1988, the new act does not apply.