596 So.2d 416 (1992)
STATE of Louisiana
v.
Louis NOTO.
No. 91-K-2766.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 1992.
*417 Harry F. Connick, Dist. Atty., Frederick A. Menner, Jr., Asst. Dist. Atty., Scott Joanen, Law Clerk, New Orleans, for relator.
Don Donnelly, Orleans Indigent Defender Program, New Orleans, for respondent.
Before LOBRANO and AMRSTRONG, JJ., and BRYAN, J. Pro Tem.
ARMSTRONG, Judge.
Defendant was charged with possession of cocaine, a violation of La.R.S. 40:967(C)(2), and possession of diazepam (valium), a violation of La.R.S. 40:969(C). He was subsequently arraigned and pled not guilty. Defendant filed a motion to suppress the evidence which, after a hearing, the trial court granted.[1] It is from this ruling that the State now seeks relief.
At approximately 11:55 p.m. on April 9, 1991, New Orleans police officers Pat Brown and Henry LaRent were patrolling the area of Hickory and Leonidas Streets, an area known for narcotics trafficking. *418 The officers were patrolling in a "semi-marked" car, one without police markings but of a make and model well-known to be used by police. As the officers were driving in the 1700 block of Leonidas, they observed two men standing together in front of an empty lot. One man, later identified as defendant Louis Noto, was standing with his back to the officers, while the other, later identified as Wilson Williams, was standing facing Noto. When the officers were approximately twenty feet from the men, they saw Noto open his hand and extend it palm up toward Williams. The officers saw Williams place an unknown object in defendant's hand, and then they saw defendant hand Williams some currency. At that point, Williams looked up and saw the officers in the car. He appeared to tell defendant something, motioning toward the officers. Officer LaRent, who was driving, swerved the police vehicle toward the men who then separated and began walking in opposite directions.
While Officer LaRent followed Williams, Officer Brown followed defendant, keeping his flashlight shining on defendant's right hand, the hand in which he had received the unknown object. He followed defendant approximately fifteen feet to a parked car, which defendant entered. Defendant attempted, apparently unsuccessfully, to start the car with his left hand. He then reached to close the door with this left hand. Officer Brown grabbed the door, forced it open, identified himself as a police officer, and advised defendant to step out of the car. Defendant then leaned over to the right side of the car and dropped two white objects on the passenger floorboard. He then struck Officer Brown and the two men fought outside the car. Officer LaRent rushed up and the two officers subdued defendant, and advised him that he was under arrest for battery of a police officer. Officer Brown then entered the car and retrieved the two white objects, which turned out to be two pieces of crack cocaine, each tied in clear pieces of plastic. Defendant was then placed under arrest for the cocaine, and a search incident to that arrest revealed a clear plastic bottle in defendant's pocket containing eighteen tablets of diazepam.
According to the State's brief, the trial court suppressed the evidence because it found the officers did not have probable cause to stop and arrest the defendant.
We see the incident as an investigatory stop under La.C.Cr.P. art. 215.1 which ripened into a situation where the officers had probable cause to arrest defendant for battery of a police officer and possession of crack cocaine. A search incidental to defendant's lawful arrest for battery and possession led to the discovery of the diazepam and his arrest for its possession.
La.C.Cr.P. art. 215.1(A) provides:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
Reasonable cause for an investigatory stop under La.C.Cr.P. art. 215.1 requires something less than probable cause for an arrest. Whether there was reasonable cause must be determined under the facts of each case. The officer must have sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984); State v. Barra, 572 So.2d 1187 (La.App. 4th Cir.1990), writ denied, 575 So.2d 822 (La.1990). The detaining officers must have knowledge of specific, articulable facts which, if taken together with rational inferences from those facts, reasonably warrant the investigatory stop. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Gervais, 546 So.2d 215 (La.App. 4th Cir.1989).
*419 The totality of the circumstances must be considered in determining whether reasonable cause exists. State v. Belton, supra. While flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. State v. Belton, supra; State v. Preston, 569 So.2d 50 (La.App. 4th Cir.1990). When property is abandoned by a citizen stopped by police without reasonable cause, the property cannot be lawfully seized and admitted in evidence against him in court. State v. Andrishok, 434 So.2d 389 (La.1983); State v. Barra, supra.
In State v. Preston, supra, two police officers patrolling an area known for narcotics trafficking observed the defendant hand a small white object to another individual. Almost simultaneously, the two men spotted the police officers "and appeared startled." This court held that the officers had reasonable cause to make an investigatory stop under La.C.Cr.P. art. 215.1.
In State v. Jones, 553 So.2d 928 (La.App. 4th Cir.1989), two police officers were patrolling in an unmarked car in a high crime area of the city when the defendant approached their vehicle and started to go into his pocket and take something out. At that point he apparently recognized the occupants as police officers and quickly backed up to the curb. The officers exited the car and identified themselves as police officers, and the defendant threw down a small plastic box containing cocaine. This court held that, under the totality of the circumstances, the officers had a reasonable suspicion that defendant was about to engage in criminal activity, i.e., distribution of narcotics. Therefore, the discarded contraband was lawfully seized.
In the instant case, the officers were patrolling an area of the city well-known for narcotics trafficking and observed two subjects engaged in what appeared to be a illegal narcotics transaction. When the two subjects spotted the officers they appeared to react, immediately separating and walking away. At that point the officers had reasonable cause to make an investigatory stop of the men. When Officer Brown stopped defendant as he entered his car and attempted to flee, defendant discarded what appeared to be narcotics on the floorboard of his automobile. Before the officer could retrieve the discarded narcotics he was attacked by defendant. After he and his partner subdued defendant, and placed him under arrest for battery of a police officer, Officer Brown lawfully seized the narcotics, cocaine, which he had observed defendant discard. The seizure of cocaine was lawful if for no other reason than it was in "plain view." See State v. Carter, 363 So.2d 893 (La. 1978); State v. Schouest, 351 So.2d 462 (La.1977). Officer Brown was legally at the location, at defendant's car door, attempting to make a lawful investigatory stop, when he viewed the narcotics in plain view.[2]
After defendant's arrest for battery and possession of cocaine, the diazepam was seized pursuant to a search incidental to a lawful arrest. State v. Williams, 398 So.2d 1112 (La.1981); State v. Hampton, 508 So.2d 135 (La.App. 4th Cir.1987). Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed a crime. State v. Wilson, 467 So.2d 503 (La.1985), cert. denied, Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Ruffin, 448 So.2d 1274 (La.1984); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writs denied, 531 So.2d 764 (La.1988). There was obviously probable cause to arrest defendant for battery of a police officer, and *420 Officer Brown reasonably believed the recovered contraband to be cocaine, so there was probable cause to arrest defendant for possession of cocaine.
Considering the facts of this case, the trial court erred in granting defendant's motion to suppress the evidence.
For the foregoing reasons, we grant relator's writ application, reverse the judgment of the trial court, and remand this case for further proceedings.
WRIT GRANTED; JUDGMENT REVERSED; REMANDED.
BRYAN, J. Pro Tem., dissents.
NOTES
[1] Although the minute entry and the docket master entry (which is taken from the minute entry) both state that the motion to suppress was denied, the State's application notes that the motion was granted. The minute entry states:

Court found "NO PROBABLE CAUSE" and denied the Motion to Suppress the Evidence. State advised the Court of its intent to take Writs.
The wording of the minute entry and the notice of intent filed by the State indicate that the trial court did in fact grant the motion to suppress the evidence.
[2] It is well-established that contraband in the plain view of a police officer who is legally at the location where he obtains the view is subject to seizure without a warrant. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Carter, supra; State v. Schouest, supra.