ARMSTRONG, Judge.
We grant certiorari to review the trial court ruling granting defendant, Rickey Bradley’s, motion to suppress evidence seized from him by police.
Defendant was arrested and charged with possession of cocaine, a violation of La.R.S. 40:967. A hearing was subsequently held on defendant’s motion to suppress the evidence. After hearing the testimony of Officer Gerald Berges, the trial court granted defendant’s motion.
On February 10, 1992, at approximately 1:35 a.m., Officer Gerald Berges and two other officers were canvassing the Desire Housing Project, searching for subjects who had outstanding warrants. The offi *758 cers knocked on the front door of 3638 Desire Street, hoping to find a subject wanted on an outstanding traffic attachment. A woman answered the door and invited the officers inside. She told the officers that another gentlemen was in the rear portion of the residence, but he was not the person they were seeking. At about the same time, the man opened the door to the rear section of the residence, saw the officers, then, according to Officer Berges, “hurried back into the back room.” Officer Berges testified that the man’s actions “made [the officers] fear for our own personal safety.” He commented that this took place in an area where a lot of weapons are located. The officers then entered the rear portion of the residence and detained and frisked the man later identified as the defendant. The officers found no weapons but checked his name through the police computer and found that he was wanted on an outstanding arrest warrant. Following the arrest, the defendant was again searched, at which time the officers found two small bags of white powder and a small metal, tube-like pipe. The white powder was later tested and determined to be cocaine.
The State argues to this Court that the police officers were justified in entering the rear portion of the residence and detaining and frisking the defendant without an arrest or search warrant. The trial court found that the officers had no legal basis for following the defendant into the rear portion of the residence and detaining and searching him. The State contends that the officers were justified because of their reasonable belief that the defendant posed a danger to those persons in the residence. The State also argues that the officers were justified in conducting a thorough search of the premises for the subject of the traffic warrant even though the woman tenant informed the officers that the person was not on the premises.
In Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), the Supreme Court held that police may conduct a “properly limited protective sweep” in conjunction with an in-home arrest when:
[T]he searching officer possesses a reasonable belief based on specific and artic-ulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene. Id. at 337, 110 S.Ct. at 1099-1100.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
In Buie, the officers entered a home with an arrest warrant for an armed robbery suspect. After the suspect was arrested emerging from the basement, a police officer entered the basement “in case there was someone else there.” A key piece of evidence was subsequently discovered in the basement in plain view.
In the instant case, Officer Berg-es stated that it was his experience as a police officer that “there is a lot of weapons that go in and out of these areas.” He stated that with this in mind, he feared for his safety and that of the other officers on the scene when, upon seeing the officers, defendant hurriedly ducked back into the rear room. Flight, nervousness, or a startled look at the sight of a police officer may be one of the factors leading to a finding of reasonable cause to stop under La.C.Cr.P. art. 215.1. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Noto, 596 So.2d 416 (La.App. 4th Cir. (1992); State v. Preston, 569 So.2d 50 (La.App. 4th Cir.1990).
We find that the officers could have had a reasonable belief based on specific and articulable facts that defendant posed a danger to officers on the scene. Such a belief must be considered reasonable and as based on specific and articulable facts when measured against the facts of Buie. There, the only specific and articulable facts were: (1) police had just arrested an armed robber in the home; and (2) he was seen emerging from the basement later searched. In the instant case we have: (1) a resident who informs police that the wanted suspect is not in the residence but another man is; (2) a man who opens a door to see police and hurriedly ducks back *759 into a room; and (3) the knowledge of an experienced police officer that many residents in the housing complex keep weapons in their homes.[1]
We need not address whether the officers were justified in initially frisking defendant. No fruits were seized as a result of that limited search. The contraband was not seized until a search incidental to defendant’s subsequent arrest on an outstanding warrant. The officers learned defendant was wanted only after they asked his name and ran it through the crime information computer. The question arises whether the officers were justified in asking defendant for his name after, apparently, it had been determined that defendant had no weapon on his person.
In State v. Landry, 588 So.2d 345 (La.1991), police stopped the driver of an automobile for a traffic violation early one morning. Both the driver and his passenger were ordered out of the vehicle. While one officer checked the operator’s license of the driver, the other officer asked the passenger for identification, and then ran a computer check for outstanding warrants. It turned out that there was an outstanding attachment for the passenger and he was arrested. Pursuant to a search incidental to his arrest, cocaine was discovered on the passenger’s person. Reversing a decision by this court,[2] the Louisiana Supreme Court held that the officers concern for their safety justified ordering both men out of the vehicle. The court further held that the officer’s request that defendant identify himself was “a limited additional intrusion into [the passenger’s] privacy that was not unreasonable under the circumstances.” One important circumstance relied on by the court was its belief that the officers had a further security interest, beyond ordering the men out of the car, in “determining whether the men with whom they were dealing were dangerous characters.”
In the instant case, we have found that fear for the officers’ safety justified their entering the rear room where defendant retreated upon seeing the officers. As in Landry, we also find that the officers had a further security interest in determining whether this person was a dangerous character. Their request that defendant identify himself was a reasonable “limited additional intrusion.” The contraband was seized pursuant to a search incidental to a lawful arrest.
The trial judge erred as a matter of law in granting defendant’s motion. He stated that he understood the officer’s concern for his personal safety and his right to protect himself; but the judge stated that he “didn’t see the legal basis for allowing the evidence_” As discussed herein the legal basis in the case of Maryland v. Buie decided by the United States Supreme Court.
For the foregoing reasons, we reverse the judgment of the trial court which granted defendant’s motion to suppress the evidence. Defendant’s motion is denied and the case is remanded for further proceedings.
WRIT GRANTED; REVERSED AND REMANDED.

. We believe the police officers could have legally searched the residence for the subject for whom they had a arrest warrant if they believed he was located there. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). However, there was no indication that the officers believed the wanted subject was in the residence.

. State v. Landry, 571 So.2d 914 (La.App. 4th Cir.1990), unpublished.