946 So.2d 245 (2006)
STATE of Louisiana
v.
Michael MANUEL, Jr.
No. 2006-KA-0486.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2006.
*246 Charles Foti, Attorney General, Darryl W. Bubrig, Sr., District Attorney, 25th Judicial District Parish of Plaquemines, Belle Chasse, LA, and Gilbert V. Andry IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME.
TERRI F. LOVE, Judge.
The State filed a bill of information charging the defendant-appellant Michael Manuel, Jr. with one count of violating La. R.S. 40:966(A) relative to distribution of marijuana and one count of violating La. R.S. 14:108 relative to resisting an officer. The defendant entered not guilty pleas at his arraignment. The court heard testimony in connection with the defendant's motion to suppress. The court issued a written judgment denying the motion. The defendant appeared for trial, at which time he withdrew his prior pleas of not guilty. The defendant entered a plea of guilty of possession of marijuana with the intent to distribute as to count one, and a plea of guilty as charged as to count two. The plea as to the first count included a reservation of the right to appeal from the adverse ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). As to count one the trial court sentenced the defendant to five years at hard labor. The court suspended the sentence and placed the defendant on two years active probation to be followed by three years of inactive probation. The defendant was ordered to pay $1,550 in total fines and fees, plus court costs. Special probation conditions of community service and completion of a substance abuse program were also imposed. As to count two, he was sentenced to pay $100 or serve thirty days in the parish prison. This appeal followed.

FACTS
Deputy Ryan Martinez of the Plaquemines Parish Sheriff's Office participated in the arrest of the defendant on February 12, 2005. The incident began around midnight when Deputy Martinez and Deputy Barrios were patrolling around the Buras Saloon, and Deputy Barrios noticed several people standing in a dark area of the parking lot. Because there had been a fight there the previous weekend and prior complaints of narcotics activity, they decided to investigate the crowd. The two deputies pulled into the parking lot, at which time several subjects began to walk away. The deputies directed them to return, which they all did. The deputies then systematically obtained identifications from everyone and ran their names for outstanding warrants. Because there were so many subjects being detained, the two deputies called for assistance. Deputy Easton responded, and once he was there, the deputies directed the subjects one at a time to walk over to Deputy Easton's vehicle to be patted down for the officers' safety. When the defendant was ordered to place his hands on the vehicle, he stated, "F* * * this," pulled up his pants, and began to run toward another club in the *247 area. The defendant was chased by all three deputies and apprehended a short distance away. He gave some resistance, was sprayed with pepper spray, then was handcuffed, placed in a patrol car, and driven back to the Buras Saloon. In a search of the defendant's person the deputies located three clear plastic bags containing green vegetable matter. The deputies also searched the area through which the defendant had fled because they had seen him take off his jacket and discard items from it. They were unsuccessful in locating anything, however. After his arrest, he was given his rights by Deputy Easton and questioned about why he ran; the defendant said it was because he had marijuana in his pocket and that he was selling it.

ERRORS PATENT
A review of the record for errors patent reveals that there are none.

ASSIGNMENT OF ERROR AS TO MOTION TO SUPPRESS
In his sole assignment of error, the appellant contends that the trial court erred when it denied the motion to suppress evidence. Notably, the trial court specifically found that the deputies lacked reasonable suspicion to conduct an investigatory stop and frisk. However, the court concluded that the defendant had no legal right to resist that illegal detention, and therefore once he fled, he committed the crime of resisting an officer and could be arrested. Thereafter, the discovery of the marijuana in a search incident to arrest was lawful.
The trial court relied upon the Louisiana Supreme Court's decision in State v. Sims, 2002-2208, pp. 12-13, (La.6/27/03), 851 So.2d 1039, 1047, in which the court stated:
Based on the language of the statutes and jurisprudence restricting the right of resistance to an actual unlawful arrest, the aforementioned policy considerations supporting Terry stop-and-frisks, namely ensuring officer safety and discouraging violence on the streets, and the original intent of the legislature in passing these pre-Terry statutes, we decline to recognize the right to resist an unlawful stop-and-frisk in Louisiana. The policy considerations underlying the right to resist arrest, including the complete deprivation of liberty and the more extensive duration of an arrest than of a detention, do not raise corresponding concerns in the context of a temporary detention and protective frisk. Unlawful detention must therefore rise to the level of arrest to justify forceful resistance.
* * *
Although the police officers did not articulate sufficient facts to justify their frisk of defendant for weapons in conjunction with the investigatory Terry stop, the officers had the right to arrest defendant when he committed a battery upon them in an attempt to resist the unlawful frisk. There is no right to resist an unlawful stop-and-frisk under the long-standing rule permitting a citizen to resist an unlawful arrest. Accordingly, the officers lawfully arrested defendant for battery on a police officer, and the district court properly admitted the contraband recovered during the search incident to that arrest.
Notably, in Sims, the defendant, who had been stopped on suspicion that he was a juvenile violating curfew, actually committed a battery on the police officers while resisting the unlawful frisk, and he was then searched incidental to arrest on the battery charge. Similarly, in State v. Cowart, XXXX-XXXX (La.App. 5 Cir. 11/25/03), 862 So.2d 225. The defendant *248 committed a battery on an officer, and therefore the court citing Sims held that a search incidental to an arrest for battery on the officer was legal even if the officer had lacked a sufficient basis for a frisk of the defendant, who had been stopped for an expired brake tag.
Here, the defendant did not commit a battery on an officer as a part of his initial attempt to avoid the illegal frisk. Instead he ran away; the trial court in its written judgment stated that the defendant upon unlawfully being frisked, "resisted arrest by trying to escape." He was then arrested for resisting an officer, a violation of La. R.S. 14:108, which provides in pertinent part:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested or detained party to give his name and make his identity known to the arresting or detaining officer or providing false information regarding the identity of such party to the officer.
(d) Congregation with others on a public street and refusal to move on when ordered by the officer.
Notably, the defendant was arrested in 2005, and the version of La. R.S. 14:108 was amended by Act 132, Acts 2006 to add "lawful detention" to paragraph A and to paragraph B(1)(c). Prior to the 2006 amendment, the statute did not include resisting "detention" as part of the offense. Arguably, by adding lawful detention to the resisting arrest statute, a person now has the right to "resist" an unlawful detention just as he can an illegal arrest; if he can be charged for resisting lawful detention the inference is that he may resist unlawful detention. Thus, we find that the amendment to La. R.S. 14:108 has legislatively overruled the Sims case.
The 2006 amendment to La. R.S. 14:108, to include lawful detention within the definition of resisting arrest, supports a finding that the defendant did not violate La. R.S. 14:108 when he ran from the illegal detention. At the time of the incident, flight from detention, lawful or otherwise, was not included within the definition of resisting an officer. Again, in contrast to Sims and Cowart, the defendant here was not arrested for battery on an officer; rather he was searched incidental to his arrest for violating La. R.S. 14:108. However, because he did not commit that offense, he could not be legally arrested for it; moreover the State did not allege that he was arrested for any other offense.
The trial court's reliance on Sims was erroneous because of the factual difference between the cases. The defendant in this case was searched incident to an arrest for resisting arrest, but an arrest for "resisting arrest" was itself unlawful because that is not what he did. Therefore, the appellant's *249 argument that the search incidental to arrest was invalid has merit.

DECREE
For the reasons stated herein, we reverse the ruling of the trial court. The appellant's conviction is reversed. The appellant's sentence for possession of marijuana with the intent to distribute is vacated and the matter is remanded.
CONVICTION REVERSED SENTENCE VACATED AND REMANDED.