DANIEL L. DYSART, Judge.
| defendant, Dameion A. Greenberry, pleaded guilty to possession of cocaine pursuant to State v. Crosby[1] He now appeals the trial court’s denial of his motion to suppress. For the reasons that follow, we vacate defendant’s guilty plea and sentence and remand this matter to the trial court for further proceedings.
PROCEDURAL BACKGROUND
After being charged by bill of information with possession of cocaine, a violation of La. R.S.40:967 C, defendant, Dameion Greenberry, pleaded not guilty. Mr. Greenberry filed a motion to suppress which was considered at the preliminary hearing, held on October 27, 2011. At the conclusion of the hearing, the trial court found probable cause and denied the motion to suppress. Mr. Greenberry filed an application for supervisory review with this Court which was denied on January 24, 2012, on the basis that, if convicted, Mr. Greenberry would have an adequate remedy on appeal. State v. Greenberry, 11-1616, unpub, (La.App. 4 Cir. 1/24/12). He then sought review of the ruling with the Louisiana Supreme Court, which also denied the writ application. State v. Greenberry, 12-0350 (La.2/15/12), 82 So.3d 271.
| thereafter, Mr. Greenberry withdrew his plea of not guilty and entered a guilty plea under Crosby, reserving his right to appeal the trial court’s denial of his motion to suppress. A1 delays were waived and Mr. Greenberry was sentenced to five years at hard labor, with credit for time served. This appeal followed.[2]
FACTUAL BACKGROUND
At the hearing on the motion to suppress, the sole witness to testify was New Orleans Police Officer Corby Slague. According to Officer Slague, on February 24, 2011, he was assigned to the Fifth District, in the area of Franklin and North Roman Streets, an area he described as “a highly, very highly violent crime area,” marked by “an increase in murders, and shootings and armed robberies” and an area in which there is “a lot of narcotic activity.” Officer Slague was notified by radio from “an undercover unit in the area” that an older model, GMC Yukon was “continuously circling the area,” and “going in and out of the neighborhoods.” He described this as “acting suspicious and driving in a suspicious manner.” When questioned about the “suspicious” manner in which the vehicle was being driven, Officer Slague indicated that it was “circling the area driving in a slow manner.” Officer Slague had *927 previously seen the vehicle “make several passes in the area as well.”
At that point, Officer Slague elected to conduct an investigatory stop of the vehicle. Officer Slague’s partner, Officer Davis, asked the driver of the vehicle (Mr. Greenberry) for identification and Mr. Greenberry advised that he had none. Officer Davis then asked Mr. Greenberry to exit the vehicle. When Mr. Greenberry opened the door, the vehicle’s light came on, illuminating the interior |sof the vehicle. Officer Slague observed a small, clear, plastic bag on the floorboard which held several other small clear plastic bags containing a white powdery substance. After a field test revealed that the substance was cocaine, Mr. Greenberry was arrested.
STANDARD OF REVIEW
The “appellate court reviews the district court’s findings of fact on a motion to suppress under a clearly erroneous standard, and will review the district court’s ultimate determination of Fourth Amendment reasonableness de novo.” State v. Dorsey, 00-2331, p. 1 (La.App. 4 Cir. 1/24/01), 779 So.2d 1008, 1009, citing U.S. v. Seals, 987 F.2d 1102 (5th Cir.1993), cert. denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). As the Dorsey court indicated, “[o]n mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo.” Id. (citation omitted). Furthermore, a trial court’s decision as to the suppression of evidence is afforded great weight and will not be set aside unless there is an abuse of that discretion. State v. Wells, 08-2262, p. 5 (La.7/6/10), 45 So.3d 577, 581.
DISCUSSION[3]
Mr. Greenberry maintains that the trial court erred in failing to suppress the evidence (cocaine) found in his car, on the basis that Officer Slague’s seizure of it was the result of an illegal stop and violated the federal and state constitutional prohibitions against unreasonable searches and seizures. See U.S. Const, amend. IV (“[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures”); La. Constart. I § 5 (“[e]very |4person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy”). Mr. Greenberry contends that Officer Slague lacked reasonable suspicion warranting an investigatory stop and accordingly, the evidence ultimately recovered from his vehicle was the product of an unlawful stop and an unlawful seizure. We agree with Mr. Greenberry and find that the trial court’s denial of the motion to suppress was an abuse of its discretion.
The standard by which an officer can lawfully detain a person, as enunciated by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), was codified in La. C.Cr.P. art. 215.1, which provides, in pertinent part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
Our jurisprudence interpreting this Article indicates that “[rjeasonable suspicion” to stop a person is “something less than the probable cause required for an *928 arrest, and a reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights.” State v. Brown, 09-0722, p. 8 (La.App. 4 Cir. 2/10/10), 32 So.3d 939, 945, citing State v. Jones, 99-0861, p. 10 (La.App. 4 Cir. 6/21/00), 769 So.2d 28, 36-37; State v. Littles, 98-2517, p. 3 (La.App. 4 Cir. 9/15/99), 742 So.2d 735, 737. It is clear that, in making a stop, a police officer “must have a particularized and objective basis for | ¡¡suspecting the particular person stopped of criminal activity.” State v. Temple, 02-1895, p. 4 (La.9/9/03), 854 So.2d 856, 859-60 (internal citations omitted).
This Louisiana Supreme Court has recognized that “the reputation of an area is an articulable fact upon which a police officer may legitimately rely and is therefore relevant in the determination of reasonable suspicion.” Temple, 02-1895, p. 5, 854 So.2d at 860. However, relying on the United States Supreme Court decisions of Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) and Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), this Court has held that “an individual’s presence in an area of expected crime, standing alone, is insufficient to support a reasonable, particularized suspicion that a person is involved in criminal activity.” State v. McClendon, 13-1454, p. 10 (La.App. 4 Cir. 1/30/14), 133 So.3d 239, 248, writ denied, 14-0324 (La.2/19/14), 133 So.3d 667. See also State v. Francis, 10-1149, p. 3 (La.App. 4 Cir. 2/16/11), 60 So.3d 703, 707; State v. Allen, 01-0939, p. 5 (La.App. 4 Cir. 7/18/01), 792 So.2d 93, 97. Rather, the courts have required some other, articulable factors that give rise to a reasonable suspicion of criminal activity. Thus, for example, “flight, nervousness, or a startled look at the sight of a police officer” are types of conduct that “may be highly suspicious” and may support “a finding of reasonable cause.” State v. Morgan, 09-2352, p. 8 (La.3/15/11), 59 So.3d 403, 408. Similarly, “unprovoked flight by an individual in a high-crime area” has been held sufficient to warrant an investigatory stop. Morgan, 09-2352, p. 6, 59 So.3d at 407, citing Wardlow, 528 U.S. at 124, 120 S.Ct. at 676 (internal citations omitted). Other factors may include the “lateness of the hour,” “whether an area is dimly lit, and the nature of the defendant’s flight.” Id. 09-2352, pp. 6-7, 59 So.3d at 407, (internal citations omitted).
|fiIn the instant matter, the sole basis for Officer Slague’s stop of Mr. Greenberry was the “manner in which the vehicle was being driven.” The trial court, noting the area to be a “targeted area,” and the officers’ perception of a “suspicious vehicle,” found that “the officers in an effort to be proactive on patrol did have the right to pull over the vehicle.” Importantly, however, while Officer Slague noted that the area was a high-crime area, he admitted that he did not see Mr. Greenberry commit any traffic violation, engage in the sale of any narcotics, or otherwise engage in any illegal activity. Based on the facts and circumstances of this case, we find that Officer Slague did not have reasonable suspicion to justify an investigatory stop of Mr. Greenberry. We therefore find that Officer Slague’s stop was illegal. It follows, therefore, that the cocaine seized from Mr. Greenberry’s vehicle was subject to suppression as the fruit of the illegal stop. See State v. Marino, 11-0224, p. 9 (La.App. 4 Cir. 9/28/11), 74 So.3d 742, 748; State v. Smith, 99-2129, p. 10 (La.App. 4 Cir. 4/26/00), 761 So.2d 642, 648; State v. Creecy, 98-1472, p. 10 (La.App. 4 Cir. 7/14/99), 742 So.2d 615, 621.
*929 CONCLUSION
For the foregoing reasons, the conviction and sentence of Dameion Greenberry are vacated, and the judgment of the trial court is reversed. This matter is hereby remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. 338 So.2d 584 (La.1976).

. We note that the State did not file an appellate brief.

. As is our practice, we conducted a review of the record and found no errors patent.